FILED
2017 Feb-01 AM 08:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MICHAEL FROST,

    PLAINTIFF,

v.                                                     CIVIL ACTION NO.

GENERAL SOUTHERN
INDUSTRIES, Inc.,

    DEFENDANT.

## COMPLAINT

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II. PARTIES**

2. Plaintiff, MICHAEL FROST, (hereinafter "Plaintiff") is a resident of Berry, Fayette County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus

1

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Jasper Division.

3. Defendant GENERAL SOUTHERN INDUSTRIES, Inc.. (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III. STATEMENT OF FACTS

4. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-3 above.

5. Defendant hired Plaintiff on or about March 18, 2015.

6. As of the filing of this Complaint, Defendant currently employs Plaintiff as a machinist.

7. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

8. During the three years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

## IV. COUNT ONE – FLSA – Overtime Violations

9. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-8 above.

2

10. During the three years preceding the filing of this Complaint, Defendant has been, and is currently, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

11. During the three years preceding the filing of this Complaint, Defendant has been, and is currently, a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

12. Defendant's gross annual volume of revenue exceeds $500,000.

13. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

14. During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

15. Plaintiff and all similarly situated employees employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, operating machines that manufacture products that are to be shipped to customers out of state.

16. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

17. Defendant paid Plaintiff for some worked in excess of forty in a work week, but Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

18. Defendant employs a day shift that it schedules to work Monday through Friday.

19. Defendant employs a night shift that it schedules to work Monday through Thursday.

20. Defendant generally schedules Plaintiff to work on the night shift that commences at 6:00 p.m. and is supposed to finish at 6:30 a.m.

21. Defendant requires Plaintiff to log onto its timekeeping system, known as Epicor, to commence the shift.

22. Defendant employs people in the positions of machinist, welder, fitter, helper, painter, and sandblaster.

23. Upon information and belief, all of Defendant's hourly paid non-exempt employees, including machinists, welders, fitters, helpers, painters, and sandblasters, use the Epicor system to record their working time.

24. Plaintiff generally arrives at Defendant's premises and clock-ins at approximately 5:40-5:45 p.m. each day to commence his shift.

25. Plaintiff, and all similarly situated employees, type in an employee number and enter a job number into the Epicor system.

26. After entering his log-in information, Plaintiff then immediately telephones the machinist that worked the previous shift to discuss the previous shift's labor, problems with the operating equipment, and the status of the current project.

27. Plaintiff's telephone call with the outgoing machinist typically lasts fifteen minutes.

28. Despite commencing work between 5:40-5:45 p.m., Defendant does not begin compensating Plaintiff for his labor until 6:00 p.m.

29. Defendant rounds Plaintiff's recorded time to its benefit at the beginning of the shift such that Defendant violates 29 C.F.R. § 785.48.

30. At the conclusion of the shift, Plaintiff clocks-out via the Epicor System and then speaks with the incoming machinist working the morning shift in a conversation that lasts approximately 15 minutes.

31. Whether the Plaintiff has clocked-out or remained clocked-in, Defendant does not compensate Plaintiff for the time spent working with the incoming machinist that occurs after 6:30 a.m.

32. When Plaintiff's shift runs past its scheduled end time of 6:30 a.m., Defendant does not compensate Plaintiff for time worked past the scheduled end of shift unless Plaintiff works for 15 minutes exactly.

33. If Plaintiff works in excess of 15 minutes past the end of his scheduled shift, Defendant's timekeeping system rounds the recorded time back to the nearest recorded quarter hour such that all recorded time worked is rounded to Defendant's benefit.

34. Defendant rounds the time to its benefit at the close of the shift such that Defendant violates 29 C.F.R. § 785.48.

35. Upon information and belief, Defendant's employees all use the same timekeeping system such that all employees clocking-in and clocking-out are subject to the same improper rounding practices that violates 29 C.F.R. § 785.48.

36. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff and all other similarly situated employees have been damaged, suffering loss of overtime pay.

## V. COUNT TWO – OPT-IN COLLECTIVE ACTION

37. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-36 above.

38. Plaintiff brings this suit as an opt-in collective action pursuant to the FLSA 16(b).

39. Plaintiff's Opt-In Consent Form is attached as Exhibit A.

40. Defendant has employed approximately 600 people subjected to similar policy and practice violations of the FLSA as Plaintiff for three years preceding the filing of this complaint.

41. The potential class is comprised of any and all persons employed by Defendant at any time during the three (3) years preceding the filing of this Complaint that were hourly paid, classified as non-exempt, and used the Defendant's timekeeping system to record his or her hours worked.

42. Upon information and belief the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

43. Upon information and belief, the claims of the representative, Plaintiff, are typical of claims of the class. Defendant subjected Plaintiff and other members of the class to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay overtime pay, and other violations of the Fair Labor Standards Act.

44. Upon information and belief, Plaintiff will fairly and adequately protect the interests of the class in that she shares common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests

of the class.

45. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

46. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to potential plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VI. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff, and other similarly situated employees the amount of their unpaid overtime wages, plus an additional equal amount as liquidated damages;

C. That Plaintiff, and other similarly situated employees, be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements, and interest;

D. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 216(b) that the actions of Defendant is violative of the law;

E. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 110
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**SERVE DEFENDANT AT:**
General Southern Industries
c/o Danny B. Gist
Highway 243
P.O. Box 998
Russellville, AL 35653